IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3119 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID E. WORTMAN, | ) | TENTATIVE FINDINGS ON REVISED |
| | ) | PRESENTENCE INVESTIGATION |
| Defendants. | ) | REPORT AND PLEA AGREEMENT |
| | ) | |

No objection has been made to the Revised Presentence Investigation Report and Addendum, except that in the Addendum under the heading "<u>By the Defendant</u>" is the following:

> The defendant's attorney submitted the following objection to the presentence report: 'On page 14, in paragraph 55, the report indicates, "the defendant gave his son and several other males alcoholic beverages to consume." Wortman is adamant he did not give his son any alcoholic beverages.

The probation officer's response is to the effect that the North Platte Police Department's reports indicate that several witnesses identified the defendant "as an individual who provided alcohol to a group of minors. The group included the defendant's son, Tyler. . . ." I can accept the defendant's position that, although he provided alcohol to a group of minors which included the defendant's son, he did not "give his son any alcoholic beverages."

The parties have presented a plea agreement, document 77, parts of which are pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That means that if I approve the plea agreement, I am bound by the parts offered under Rule 11(c)(1)(C) and must advise the defendant that he has no right to withdraw the plea if I do not follow the recommendation or request contained within those provisions and I must inform the defendant that to the extent the plea agreement is "of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition "will be included in the judgment." I shall honor that requirement, further supporting paragraph 11 of the plea agreement which says, "By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)."

Paragraph 6c of the plea agreement says:

> The Defendant acknowledges and agrees that restitution will be ordered as a part of the sentence in this case, and the Defendant agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the Court will order restitution to the United States Department of Labor in the amount of $200,903.39.  The Defendant agrees that this restitution order is in exchange for the agreement of the United States not to seek further criminal prosecution of the Defendant pursuant to Title 29, United States Code, Section 207(a)(1), 215(a)(2) and 216.   Defendant agrees that restitution will be paid prior to sentencing.  Failure to make payment of restitution prior to sentencing will be considered as breach of this plea agreement.

None of the cited sections–207(a)(1), 215(a)(2) or 216 of Title 29 of the United States Code speaks of "restitution."   Section 207(a)(1) relates entirely to the employment of employees for a workweek longer than 40 hours and paying employees compensation in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which the employee is employed.   Section 215(a)(2) provides that it is unlawful to violate § 206 or §  207 of Title 29 or any regulation or order of the Secretary under § 214.   Section 216 provides for fines, imprisonment, and damages to employees by the employer for violation of § 206 or § 207 of Title 29.   I do not find it improper to use the term "restitution."  The use of the term may trigger 18 U.S.C. § 3664, relating to orders of restitution.  AUSA Allen Everett in paragraph 34 of the Revised Presentence Investigation Report says that "any funds collected from Wortman or Cloudburst by the Department of Labor will be paid to current and former employees who did not receive overtime compensation . . ."  That declaration suggests that the employees are "victims" within the meaning of 18 U.S.C. § 3664, relating to orders of restitution.

If § 3664 is applicable it requires an opportunity for the victim to submit information to the probation officer about the amount of the victim's losses, among other things. I invite counsel to consider what procedure needs to be followed to assure compliance with § 3664 if it is applicable and any other provision before I make any further finding on the Plea Agreement.

IT IS ORDERED that I tentatively find that the Revised Presentence Investigation Report is accurate and correct, but the Plea Agreement is not yet acceptable. Acceptance is dependent upon further explanation of the issue of restitution. Objections to these tentative findings may be made before or at the sentencing hearing and further evidentiary showings may be made at the sentencing hearing or a hearing preparatory to the sentencing hearing.

Dated December 19, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge